NOT FOR PUBLICATION                                                                                                         CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMIE K. HAYES, | Civil No. 07-3774 (JAP) |
| Plaintiff, |  |
| v. | **OPINION** |
| CENTRAL RECEPTION ASSIGNMENT FACILITY, |  |
| Defendant. |  |

**APPEARANCES**:

> JAMIE K. HAYES, #242980C, Plaintiff Pro Se
> Bayside State Prison
> P.O. Box F-2
> Leesburg, New Jersey  08327

**PISANO**, District Judge.

Plaintiff Jamie K. Hayes, a prisoner currently confined at Bayside State Prison, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  The Court (1) grants the application to proceed in forma pauperis; (2) directs the Clerk to file the Complaint; (3) assesses the $350.00 filing fee against Plaintiff; (4) directs the New Jersey Department of Corrections ("NJDOC") to deduct an initial partial filing fee from Plaintiff's prison account and to forward same to the Clerk of the Court, when funds exist; and (5) directs the NJDOC to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $350.00 filing fee is paid in full.  See 28 U.S.C. § 1915(a),

(b). Having reviewed Plaintiff's allegations, the Court will dismiss the Complaint without prejudice to the filing of an amended complaint naming appropriate defendant(s).

## I.  BACKGROUND

Plaintiff asserts violations of his constitutional rights under 42 U.S.C. § 1983 against the Central Reception Assignment Facility ("CRAF"), operated by the NJDOC, arising from his incarceration at that prison in or about June 2007.  Plaintiff asserts the following facts which must be regarded as true for the purposes of this review.  Because his jaw was broken on November 15, 2006, while he was incarcerated at Cape May County Jail, he could not eat solid food and the physician at CRAF prescribed a liquid/pureed diet plus Ensure.  The staff at CRAF served Plaintiff "soft" food, which he could not eat, rather than liquid/pureed food because CRAF did not have a blender or food processor.  Further, when the prison ran out of Ensure, Plaintiff endured a period of time during which he could not eat anything due to his medical condition.  As a result, he lost weight and suffered stomach pain.  Plaintiff spoke to the CRAF physician and wrote to the CRAF Administrator, but the situation was not remedied.  Plaintiff, who is now incarcerated at Bayside State Prison, seeks damages from CRAF for violation of his constitutional rights.

## II.  LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the

Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, __ U.S. __, __, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972).  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Thomas v. Independence Twp., 463 F.3d 285, 296-97 (3d Cir. 2006); Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004).  However, a court should not dismiss a complaint with prejudice for failure to state a claim without providing leave to amend, unless it finds bad faith, undue delay, prejudice or futility.  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-11 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986).  A district court may exercise jurisdiction over

"Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

This Court liberally construes Plaintiff's Complaint as asserting that officials at CRAF were deliberately indifferent to his serious medical need for a liquid diet in violation of the Eighth Amendment. To establish a violation of the right to adequate medical care under the Eighth Amendment, a prisoner "must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003); see also Estelle v. Gamble, 429 U.S. 97 (1976). A medical need is serious if it has been diagnosed by a physician as requiring treatment or "'if unnecessary and wanton infliction of pain, . . . results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment.'" Atkinson v. Taylor, 316 F.3d 257, 266 (3d Cir. 2003) (quoting Monmouth County Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987)).

An official may be found deliberately indifferent where he "knows of and disregards an excessive risk to inmate health or safety." Natale, 318 F.3d at 582. "Where prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the inmate to undue suffering or the threat of tangible residual injury, deliberate indifference is manifest." Lanzaro, 834 F.2d at 347. In addition, an actionable claim for deliberate indifference arises when there is a deliberate delay of necessary medical care that causes an increased risk of harm. Id.; Estelle v. Gamble, 429 U.S. 97 (1976); Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993); White v. Napoleon, 897 F.2d 103 (3d Cir. 1990).

The problem with Plaintiff's Complaint is that the sole named defendant is CRAF, and a state prison is not a "person" subject to suit under § 1983 for violation of constitutional rights. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); Madden v. New Jersey State Parole Bd., 438 F.2d 1189, 1190 (3d Cir. 1971); Grabow v. S. State Corr. Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989). Because the Complaint does not name a proper defendant, this Court is constrained to dismiss it for failure to state a claim upon which relief may be granted. However, the dismissal will be without prejudice to permit Plaintiff to file an amended complaint naming one or more persons who allegedly violated Plaintiff's constitutional rights. See Estate of Rosenberg v. Crandell, 56 F. 3d 35, 37 (8th Cir. 1995).[1] If Plaintiff files an amended

---

[1] "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). An individual official such as an administrator may be found liable under the deliberate indifference standard only if he knows of the serious medical need and he does not take reasonable measures. See Farmer, 511 U.S. at 847; Nami v. Fauver, 82 F.3d 63, 67-68 (3d Cir. 1996).

complaint within 45 days of the date of the entry of the Order accompanying this Opinion, then this Court will reopen the file in order to screen the amended complaint for sua sponte dismissal.

### IV.  CONCLUSION

For the reasons stated above, this Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint without prejudice to the filing of an amended complaint within 45 days.

/s/ Joel A. Pisano
**JOEL A. PISANO, U.S.D.J.**

Dated:  August 29, 2007