NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
JAMIE HAYES,                           :
                                       :
            Plaintiff,                 :   Civil Action No. 07-3774 (JAP)
      v.                               :
                                       :
GRACE ROGERS, et al.,                  :
                                       :   **OPINION**
            Defendants.                :
_____:

PISANO, District Judge.

On August 10, 2007, Plaintiff Jamie Hayes ("Plaintiff") filed *pro se* a Complaint pursuant to 42 U.S.C. § 1983 against the Central Reception Assignment Facility ("CRAF"), operated by the New Jersey Department of Corrections ("NJDOC"), arising from his incarceration at that facility beginning on June 14, 2007.  The crux of Plaintiff's allegations is that the CRAF violated his constitutional rights by failing to provide Plaintiff with liquid or pureed food, which had been prescribed by a physician at CRAF.  On August 29, 2007, the Court screened Plaintiff's Complaint, found CRAF to be an improper defendant, and dismissed the Complaint without prejudice, subject to Plaintiff's filing an amended complaint naming a proper defendant.

On September 24, 2007, Plaintiff filed an Amended Complaint raising the same allegations against Defendants Grace Rogers ("Rogers"), Administrator of the CRAF, and Meg Chaney ("Chaney"), Assistant Superintendent of the CRAF (collectively, "Defendants").  On October 4, 2007, this Court screened the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and ordered that Plaintiff's claims proceed beyond the screening stage.

Presently before the Court are Defendants' motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Plaintiff opposes the motions.  For the reasons set forth herein, the Court grants Defendants' motion to dismiss Plaintiff's Amended Complaint.  In addition, because the Court grants the motion to dismiss, the Court denies Defendants' motion for summary judgment as moot.

I.   BACKGROUND

On November 15, 2006, Plaintiff broke his jaw while incarcerated at another NJDOC facility.  When Plaintiff was transferred to CRAF on June 14, 2007, Plaintiff still suffered from the broken jaw and could not eat solid food.  A physician at CRAF prescribed a liquid/pureed diet plus a liquid dietary supplement.  However, Plaintiff alleges that the CRAF staff served Plaintiff with "soft" food that he could not eat, rather than the prescribed liquid/pureed food.  The staff informed Plaintiff that liquid/pureed food was not possible because the CRAF did not have a blender or food processor.  Moreover, at some point in time, the facility depleted its supply of the liquid dietary supplement.  During the two-week time period that the CRAF did not have the nutritional supplement, Plaintiff's medical condition precluded him from eating anything available at the facility.  Plaintiff pleads that, as a result of the facility's failure to provide him the proper diet, he lost weight, fainted, and suffered stomach pain.  Plaintiff also states that he suffered mental anguish arising from his situation.

According to Plaintiff, he informed CRAF physicians, nurses, and his psychologist of his inability to obtain adequate food.  Plaintiff submits that these medical professionals requested CRAF administrators to provide Plaintiff with the proper diet.  However, the administration did

not respond or otherwise remedy the situation. On June 23, 2007, Plaintiff filed a "Request System & Remedy Form" according to the CRAF's grievance procedure. In that grievance, Plaintiff complained that the facility failed to provide him with a pureed diet and that, for one week, he had not received the liquid dietary supplement. Plaintiff, however, did not receive a response.[1]

As a result, Plaintiff brought this cause of action, alleging that Defendants were negligent and violated his Eighth Amendment rights. Plaintiff claims that Defendants were deliberately indifferent to his serious medical need for a liquid diet. Based on those allegations, Plaintiff seeks monetary damages in the amount of $3.5 million.

Defendants presently move to dismiss Plaintiff's Amended Complaint, and for summary judgment to be entered in their favor. First, Defendants argue that the Eleventh Amendment bars Plaintiff's claims against Rogers and Chaney and, furthermore, that Rogers and Chaney are not "persons" amenable to suit under 42 U.S.C. § 1983. Second, Defendants submit that Plaintiff has failed to state a claim under 42 U.S.C. § 1983 because Plaintiff improperly bases his claims against Defendants on a theory of respondeat superior. Third, Defendants argue that no question of material fact exists and that Defendants were not deliberately indifferent to Plaintiff's medical needs. Plaintiff opposes the motions, contending that material questions of fact exist as to the

---

[1] Defendants represent in their motion for summary judgment that they did not respond to this grievance because the responding department did not receive the form until July 2, 2007 and Plaintiff had been transferred to a different NJDOC facility on June 27, 2007. However, a review of the grievance attached to Defendants' moving papers suggests that a "coordinator" reviewed the form and forwarded it to another department on June 26, 2007. The responding department then reviewed the grievance on July 2, 2007, and responded to Plaintiff on July 6, 2007. Because the Court dismisses Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court need not address the adequacy of Defendants' response to Plaintiff's grievance.

issue of whether Defendants were deliberately indifferent to his medical needs.

## II.     DISCUSSION

### A.     Standard of Review under Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  Refashioning the appropriate standard, the Supreme Court of the United States recently found that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted); *see also Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]" (internal quotation marks omitted)).  Therefore, for a complaint to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, *supra*, 127 S. Ct. at 1965 (internal citations and footnote omitted).  Moreover, the Court must apply "less stringent standards" to a *pro se* Complaint, such as the one presented here, "than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (internal quotations and citation omitted).

### B.     Analysis

Plaintiff bring this action pursuant to 42 U.S.C. § 1983. Section 1983 provides for a private cause of action to be brought by those individuals deprived of rights secured under the United States Constitution.[2] "To establish a section 1983 civil rights claim, a plaintiff must demonstrate that the conduct complained of was committed by a person acting under state law and that the conduct deprived him of rights, privileges or immunities secured by the Constitution." *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994) (internal quotation marks omitted).

Liberally construing the Amended Complaint, Plaintiff alleges that Defendants were deliberately indifferent to his serious medical need for a liquid diet in violation of the Eighth Amendment. To establish a violation of the right to adequate medical care under the Eighth Amendment, a prisoner "must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

In its motion to dismiss, Defendants assert three main arguments: (1) the Eleventh Amendment bars Plaintiff's monetary claims brought against them in their official capacity; (2) they are not "persons" within the meaning of section 1983 such that they are amendable to Plaintiff's claims; and (3) Plaintiff cannot establish Defendants' liability under section 1983 on a theory of respondeat superior. For the following reasons, the Court finds that the Eleventh

---

[2] 42 U.S.C. § 1983 provides:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Amendment bars Plaintiff's claims against Rogers and Chaney. Because the Court agrees with Defendants' first argument in support of its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court need not consider Defendants' remaining contentions.

The Eleventh Amendment precludes a federal court from exercising jurisdiction over an individual's monetary claims against a state unless the state has waived its immunity or consented to suit. U.S. Const. amend. XI; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). This doctrine applies to Plaintiff's claims because "§ 1983 does not override a State's Eleventh Amendment immunity" and "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63, 64 (1989). Accordingly, "[t]he Eleventh Amendment bars such suits unless the State has waived its immunity." *Id.* at 66.

This doctrine also applies to state officials sued for monetary damages and requires a finding that such state officials are not "persons" within the meaning of section 1983. *Lehmann v. N.J. Dep't of Corr.*, 2008 WL 544671, *4 (D.N.J. Feb. 26, 2008) ("[S]tate officers sued in their official capacities for money damages are not persons within the meaning of Section 1983."). Although a state official is a person, "a suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office." *Will*, *supra*, 491 U.S. at 71. Thus, a suit against a state official "is no different from a suit against the State itself." *Ibid.* In the instant case, Plaintiff asserts a § 1983 claim against Rogers in her official capacity as Administrator of the CRAF and against Chaney in her official capacity as Assistant Superintendent of the CRAF. Consequently, Plaintiff's action is against Defendants' "offices" and must be dismissed under *Will* and the doctrine of sovereign immunity.

However, if Plaintiff's Amended Complaint alleges a claim against Defendants in their

personal capacity, the Eleventh Amendment jurisprudence embodied in the *Will* decision cannot preclude the claim because the state is not the real party in interest in a suit against a state official in his or her personal capacity. *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991). To determine whether Plaintiff has asserted claims against Defendants in their personal capacities, the Court must look to Plaintiff's submissions and the "course of proceedings." *Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990), *aff'd*, *Hafer v. Melo*, 502 U.S. 21 (1991). Considering Plaintiff's *pro se* status, and construing his submissions liberally, the Court finds that Plaintiff has not asserted—or demonstrated an intent to assert—claims against Defendants in their personal capacities. Indeed, Plaintiff's Amended Complaint and documents proffered in opposition to the pending motions state that his claims are against Defendants as Administrator and Assistant Superintendent of the CRAF. Nothing in those submissions indicates an intent to bring suit against Defendants in their personal capacities. The Court thus concludes that the Eleventh Amendment bars Plaintiff's section 1983 claims against Defendants. *Accord Lehmann*, *supra*, 2008 WL 544671 at *4 (dismissing section 1983 complaint brought against former CRAF Administrator under Eleventh Amendment immunity doctrine).

### III.   CONCLUSION

For the reasons expressed above, the Court grants Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court thus dismisses Plaintiff's Amended Complaint. Because the Court grants Defendants' motion to dismiss, the Court denies Defendants' motion for summary judgment as moot. An appropriate order accompanies this Opinion.

                                                     /s/ Joel A. Pisano
                                                    JOEL A. PISANO, U.S.D.J.

Dated: May 8, 2008